# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TODD A. BLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:14CV475 CDP |
| ) | |
| JEREMIAH W. "JAY" NIXON, et al., ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This case is before this Court on the petition of Todd Bland for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently serving a sentence following a jury conviction for distribution, delivery, manufacturing, or production with intent to distribute a controlled substance. Bland asserts he is entitled to habeas corpus relief because the trial court erred in overruling his objection to the prosecutor's opening statement, and his trial counsel failed to impeach Deputy Adam Carnal. The trial court error claim is procedurally barred. The ineffective trial counsel claim was rejected by state courts on the merits, which was not contrary to Federal law or based on an unreasonable determination of the facts. Therefore, this Court will deny Bland's petition for the writ of habeas corpus.

## Background

On November 23, 2008, Detective Paul Satterfield and Deputy Adam Carnal, with the Crawford County Sheriff's department, responded to the residence of Billy and Junetta White in Cuba, Missouri, upon a tip from a confidential informant that drug activity was possibly going on there. Satterfield had ten years experience as an officer and had attended the Missouri State Highway Patrol school for identifying clandestine methamphetamine laboratories. He has encountered about 200 such laboratories during his career.

Upon arriving there, Satterfield observed Todd Bland and Billy White standing by the ramp that went down into the basement garage area. Satterfield was in an unmarked police car, but other deputies in marked police cars pulled into the driveway behind him. Bland ran into the basement area upon seeing the police cars. White gave permission for the officers to go inside. Carnal observed Bland come from behind a stove area in the basement and emerge from the rear of basement. Carnal ordered Bland to the ground and took him into custody. Carnal advised Satterfield that he had seen a gas generator in the basement. Gas generators are containers used in the methamphetamine manufacturing process to bubble out the methamphetamine oil.

Satterfield asked White for permission to search the residence. White initially refused, but gave his consent after Satterfield contacted the prosecutor to

seek a search warrant. In the subsequent search, deputies found numerous items commonly used to manufacture methamphetamine, including plastic bottles, a funnel, and a box of pseudoephedrine. Witnesses testified at trial that all of these things are used in the manufacture of methamphetamine.

Based on his experience, Satterfield believed a clandestine methamphetamine laboratory was in operation. He had seen methamphetamine laboratories similarly situated. Satterfield conducted an interview with Bland at the sheriff's department. Bland waived his *Miranda* rights and admitted that he had thrown a spoon and a syringe into the stove. Bland stated that he didn't want to get other people in trouble.

Investigator Michael Flett, trained by the Drug Enforcement Administration, with 15 years of experience in detecting clandestine methamphetamine laboratories, arrived at the White residence and examined the area and items collected. Flett concluded the bottle found in the basement near where Bland was found had an odor of a very strong solvent, such as ether, which methamphetamine manufacturers use to break down pills into ephedrine. Flett also field tested the liquid at the bottom of a bottle, which was positive for methamphetamine. Based on Flett's training and experience, he concluded that methamphetamine was being manufactured at the White residence.

The deputies then sent the pills, the plastic tubing and a liquid sample to the Missouri State Highway Patrol Crime Lab for testing. The tablets were found to be pseudoephedrine and the liquid to be an acid. Neither the liquid nor the residue on the tubing contained any controlled substances.

A jury found Bland guilty of attempting to manufacture methamphetamine and the trial court sentenced him to 25 years imprisonment as a prior and persistent offender. The conviction was affirmed on direct appeal. (Resp. Exh. D).

Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. He first claimed the appellate counsel was ineffective by failing to assert on direct appeal that the trial court erred in overruling an objection to the state telling the jury in opening statement about hearsay that had been communicated to the arresting officer by an undisclosed confidential informant, or alternatively, that his trial counsel was ineffective by failing to file a motion *in limine* to preclude this hearsay in opening statement, made a late objection, and failed to argue that the State's comment violated the confrontation clause of the Constitution. He also claimed that his trial counsel was ineffective by failing to impeach Deputy Carnal's trial testimony that he observed Bland flee into the basement with the Deputy's prior inconsistent statement made during a suppression hearing. (Resp. Exh. E).

The motion court entered judgment denying Petitioner's post-conviction motion. (Resp. Exh. D). The Missouri Court of Appeals affirmed the decision of the motion court. (Resp. Exh. H).

Bland has filed a petition for a writ of habeas corpus. Bland asserts two grounds for the federal relief:

(1) Trial court erred in overruling an objection to the prosecutor's opening statement;

(2) Trial counsel was ineffective for failing to impeach Deputy Carnal.

## Discussion

**1. Bland's claim that trial court erred in overruling his objection to the prosecutor's opening argument is procedurally barred.**

To preserve issues for federal habeas corpus review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). If a state prisoner fails to raise the claims following applicable state procedural rules, then the prisoner is procedurally barred from raising them in a federal habeas corpus action. *Id.* at 1151.

To overcome the procedural bar, a state prisoner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To

demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [petitioner's] efforts to comply with [s]tate's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, a petitioner must demonstrate that the errors "worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). To use the fundamental miscarriage of justice exception, a petitioner must present new evidence that "affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 324, 338 (8th Cir. 2006).

Bland's first ground for relief is the trial court erred in overruling his objection to the prosecutor's opening argument. Bland raised this issue as a claim of ineffective assistance of counsel in his Rule 29.15 motion for post-conviction relief and it was argued at an evidentiary hearing before the motion court. (Resp. Exh. H). He now asks this Court to review the issue as trial court error. The legal theories of trial court error and ineffective assistance of counsel are different. *Cf. Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (distinguishing trial error claims from ineffective assistance claims). Bland did not present the claim of trial error to the state court and so his first ground is procedurally defaulted.

Bland makes no attempt to demonstrate cause and prejudices to overcome the procedural bar. He presents no new evidence that would affirmatively

demonstrate his innocence under the fundamental miscarriage of justice exception. Therefore, Bland failed to overcome the procedural par, and his ground one will be denied as procedurally defaulted.[1]

**2. Bland's claim that trial counsel failed to impeach Deputy Carnal fails on the merits.**

In ground two, Bland asserts he received ineffective assistance of counsel when trial counsel failed to impeach Deputy Carnal's trial testimony that he saw Bland flee into basement with Carnal's suppression hearing testimony that Detective Satterfield told him that Bland had fled into the basement. The Missouri Court of Appeals considered and rejected this argument.

A petitioner is entitled to habeas relief under 28 U.S.C. §2254(d) only if the state court's adjudication resulted in a decision, (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

In *Shafer v. Bowersox*, the Eighth Circuit articulated the standards for subsection (1) as follows: the "contrary to" clause is satisfied if a state court has

---

[1] Even if not procedurally barred, this claim would not succeed on the merits. The Missouri Court of Appeals determined that the prosecutor's opening statement did not contain hearsay. *Bland v. Missouri*, No. SD32387, slip op. at 5–6 (Mo. Ct. App. Oct. 28, 2013) (reviewing Rule 29.15 claims). The motion court similarly found that Bland's appellate counsel did not provide ineffective assistance because the argument had no real chance of success on appeal. *Id.*

arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable." 329 F.3d 637, 646–47 (8th Cir. 2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' only if it is shown by a clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (quoting 28 U.S.C. § 2254(d)(2) and citing 28 U.S.C. § 2254(e)(1)).

To prevail on a claim of ineffective assistance of trial counsel, a petitioner must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. *Id.* To show deficiency, the petitioner must prove counsel's assistance fell below an

"objective standard of reasonableness… under prevailing professional norms." *Id.* at 688. To demonstrate prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Bland's claim rests on an alleged inconsistency between Deputy Carnal's testimony at the suppression hearing and his testimony at trial. Carnal tested filed at the suppression hearing that another law enforcement officer, Satterfield, told him Bland fled into the basement. (Resp. Exh. I, at 28-29). At trial, Carnal testified that he saw Bland flee into the basement. (Resp. Exh. I, at 231-32). The motion court held an evidentiary hearing. Trial counsel testified at the hearing that it was clearly established by the Satterfield's testimony that there was a methamphetamine laboratory at the premises, and that Bland was present at the premises, and had fled into the basement upon the arrival of officers. She did not remember why she did not use the differing testimony to impeach Carnal. (Resp. Exh. E, at 25-26). The motion court viewed this issue as inconsequential in the outcome of the trial and denied Bland's motion. *Id.*

The Missouri Court of Appeals found the motion court's decision was not clearly erroneous. The court stated:

> To prevail on a claim of ineffective assistance of trial counsel, a movant must satisfy a two-prong test. *Taylor v. State*, 382 S.W.3d 78,

- 9 -

> 80-81 (Mo. banc 2012); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). The movant must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) that he was prejudiced by counsel's deficiency. *See Taylor*, 382 S.W.3d at 80-91. "The hallmark of Strickland prejudice is a finding, by a reasonable probability, that the movant would have received a different result at trial if the trial counsel had not made the unprofessional errors alleged." *Id.* at 81; *see Strickland*, 466 U.S. at 694.

*Bland v. Missouri*, No. SD32387, slip op. at 6 (Mo. Ct. App, Oct. 28, 2013) (per curiam) (included in Resp. Exh. H).

Bland contended the motion court clearly erred in denying this claim because impeaching Deputy Carnal with his prior testimony would have cast doubt on his credibility and a reasonable probability exists that the result of the trial would have been different. The Missouri Court of Appeals rejected his argument. The court believed that "failure to impeach a witness does not generally warrant relief for ineffective assistance of counsel where the facts, even if true, do not establish a defense." *Id.* at 7. The court then reasoned, because the testimony would not negate an element of the crime for which Bland was convicted, the inconsistency would not provide Bland a viable defense. *Id.* at 7-8.

Bland fails to show that the Missouri Court's decision was contrary to federal law or an unreasonable determination of the facts. The state court cited *Strickland* and properly applied it to the facts. Applying *Strickland*, even if Bland could show the failure to impeach Carnal was an error, Bland failed to show he was prejudiced by this error. Even had trial counsel impeached Carnal, Carnal

would be able to explain the inconsistency.  Even had trial counsel impeached Carnal successfully, Satterfield still could testify to the essential fact that Bland fled into the basement. Whether Carnal first saw Blend outside the home or inside where the methamphetamine laboratory was found would have been of little consequence.  From the factual records, there was ample evidence on which a jury could rely to convict him despite this minor contradiction.  The outcome of trial, accordingly, was not likely to be different.  Therefore, in deciding that Bland failed the *Strickland* two-prong test, the Missouri Court of Appeals did not unreasonably apply established federal law or base its decision on an unreasonable determination of the facts in light of the evidence before it.  Ground two fails on its merits.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, a petitioner may not appeal a lower court's decision under 28 U.S.C. § 2254 to the appellate court unless granted a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A).  To grant such a certificate, a judge must find a substantial showing of the denial of a federal constitutional right.  *Id.* at § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing indicates that issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  I find that reasonable jurists

could not differ on any of Bland's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Todd Bland for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

A separate judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2015.